**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0511-23

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

SHEM WALKER,

      Defendant-Appellant.

_____

Submitted March 11, 2025 – Decided March 31, 2025

Before Judges Gooden Brown and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 03-09-3069.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Shem Walker appeals from the June 13, 2023,[1] Law Division order denying his third petition for post-conviction relief (PCR) in connection with his nineteen-year-old conviction for felony murder and related offenses committed with a co-defendant during a robbery. On appeal, defendant again raises claims of ineffective assistance of counsel (IAC). We affirm.

The procedural history and underlying facts in this matter are set forth at length in our prior unpublished opinion on defendant's direct appeal, in which we affirmed his convictions and aggregate thirty-year sentence, with a thirty-year period of parole ineligibility, for first-degree felony murder, second-degree reckless manslaughter, first-degree robbery, second-degree conspiracy to commit robbery, and fourth-degree unlawful possession of a weapon. See State v. Walker, No. A-4542-05 (App. Div. Apr. 8, 2009) (slip op. at 1-2), aff'd on other grounds, 203 N.J. 73 (2010).

The convictions stemmed from defendant and his co-defendant stabbing the victim to death in the course of a robbery at the victim's home. Id. at 2-5. A blood stain, fingerprint, and palm print found at the crime scene matched defendant's, and, in a statement to police that was admitted into evidence at trial,

---

[1] The notice of appeal mistakenly denotes the filing date of the order as June 14, 2023.

defendant admitted being at the scene but attributed the plan to rob the victim as well as the actual stabbing to his codefendant. Id. at 3-5. Defendant's trial testimony differed significantly from his statement to police in that defendant denied witnessing his codefendant stab the victim, denied observing a weapon, denied ransacking the victim's home looking for money, and claimed he left the scene while his codefendant was still fighting with the victim. Id. at 7.

Subsequently, defendant filed a motion for a new trial based on newly-discovered evidence. In a supporting certification, defendant claimed he was unaware of his codefendant's guilty plea to first-degree aggravated manslaughter, despite the fact that the codefendant's plea transcript had been available to defendant for at least one year before defendant's trial. Defendant claimed his codefendant's plea allocution exonerated him of culpability in the homicide. The trial court denied defendant's motion, explaining that "the plea allocution [was] incriminatory and not exculpatory," and "was readily available to . . . defendant before trial." We affirmed the decision in an unpublished opinion. State v. Walker, No. A-4480-10 (App. Div. June 7, 2012) (slip op. at 8).

On August 5, 2011, defendant filed his first PCR petition, asserting IAC of trial and appellate counsel on various grounds. On June 4, 2013, the trial

3

court denied defendant's petition on procedural and substantive grounds, among other things, rejecting defendant's IAC claim that trial counsel was ineffective for failing to present the codefendant's plea allocution as exculpatory evidence. We affirmed in an unpublished opinion, and the Supreme Court denied certification. State v. Walker, No. A-1853-13 (App. Div. May 5, 2015) (slip op. at 5), certif. denied, 224 N.J. 244 (2016).

On February 16, 2017, defendant filed a second PCR petition, alleging ineffective assistance of trial, appellate, and PCR counsel. Among other things, defendant claimed trial counsel was ineffective by failing to inform him of a favorable plea offer. In a written opinion and order, the judge denied the claims on February 9, 2018. As to ineffective assistance of trial counsel, the judge found defendant's "claim ha[d] already been decided by th[e] [c]ourt, and was affirmed by the [a]ppellate [d]ivision" and was therefore barred by Rule 3:22-5. As to ineffective assistance of appellate and PCR counsel, the judge found defendant's petition was time barred under Rule 3:22-12(a)(12) and that there was "no fundamental injustice present . . . to justify relaxing this time bar." We affirmed in an unpublished opinion, and the Supreme Court denied certification.

4

State v. Walker, No. A-5053-17 (App. Div. June 10, 2019) (slip op. at 2), certif. denied, 239 N.J. 511 (2019).[2]

On June 30, 2021, defendant filed a third PCR petition, which is the subject of this appeal. He subsequently amended the petition on October 17, 2022. In the petition, defendant once again raised IAC claims regarding his trial, appellate, and PCR counsel. In the amended petition, defendant certified:

> I have recently discovered that my attorney was not even aware of the co-defendant's plea allocution and the effect it would have had on my plea offer.
>
> . . . [M]y attorney never realized that the plea allocution of the co-defendant eliminated the need for me to testify against him at a trial and therefore removed the problem that existed with the plea agreement.

---

[2] Over the years, defendant also repeatedly challenged his convictions in federal courts. On July 21, 2016, defendant's first petition for a writ of habeas corpus was denied in the federal district court for failure to pay a filing fee. Walker v. Nogan, Civ. No. 16-3752, 2016 U.S. Dist. LEXIS 95640, at *2 (D.N.J. July 21, 2016). On September 14, 2016, his second petition was denied as time-barred under 28 U.S.C. § 2244(d). Walker v. Nogan, Civ. No. 16-3752, 2016 U.S. Dist. LEXIS 124478, at *1 (D.N.J. Sept. 14, 2016). The district court noted that "even if [defendant's] PCR petition had been deemed timely filed . . . , the [second habeas corpus] [p]etition would still be dismissed as having been filed beyond the one-year statute of limitations." Id. at *6 n.2. On March 22, 2017, the district court denied defendant's third petition as again time-barred under 28 U.S.C. § 2244(d). Walker v. Nogan, No. 16-cv-3752, 2017 U.S. Dist. LEXIS 41181, at *1, *6 (D.N.J. Mar. 22, 2017). The district court also denied a certificate of appealability, finding that defendant "ha[d] not made a substantial showing of the denial of a constitutional right." Id. at *6-7.

. . . .

. . . My trial attorney told me that we would win at trial if I simply explained to the jury that the statement[] I gave to the police was not true and that I had simply accompanied the co-defendant to the home.

. . . I recently discovered the fact that my attorney never even reviewed the plea transcript of my co-defendant and realized that there was a partial exculpation. This is new information that I was not aware of before. Within weeks of discovering this I filed my current PCR petition . . . .

In an order and accompanying written opinion, the PCR judge denied defendant's third petition on June 13, 2023. First, the judge found that defendant neither "provide[d] [an] explanation of how he learned this alleged information more than fifteen years after his conviction," nor did he "specifically detail when he actually learned this information." The judge deemed his vague assertion "that he learned it 'within weeks' of filing" to be "not credible" and no more than "a last-gasp effort to avoid the timing requirements of the applicable court rule." Further, the judge pointed out that "these potential issues were addressed and litigated over a decade ago, and/or could and should have been raised in a timely [manner] on appeal, or in the prior PCRs."

Specifically, as to defendant's repeated IAC claims related to counsel's alleged failure to communicate a favorable plea offer to defendant, appropriately

6

review related discovery, and introduce his codefendant's allegedly exculpatory plea allocution, the judge found these claims had already been addressed and adjudicated and could not be revisited under Rule 3:22-5. As to defendant's "new claim" of IAC by his first PCR counsel, based on PCR counsel's purported "fail[ure] to argue that he received [IAC] when his trial attorney gave him 'incorrect advice about the possible outcome at trial,'" the PCR judge found that "a review of the prior record denotes a hodgepodge of similar, general arguments raised over the last fifteen years." The judge added that even if the issue was not directly addressed in prior PCRs, the claim was procedurally barred because defendant "unequivocally was aware of [the issue] as early as his initial sentencing in 2006" and "did not timely raise it."

The judge further found "no fundamental injustice" warranting a relaxation of the time bar, explaining "[d]efendant claims no newly recognized constitutional right, R[.] 3:22-12(a)(2)(A), no recently[-]discovered previously[-]unknown factual predicate for the relief sought, R[.] 3:22-12(a)(2)(B), and failed to file within one year of the order denying the preceding petition, R. 3:22-12(a)(2)(C)."

The PCR judge also rejected the claims on the merits. First, as to defendant's claim that he received incorrect advice about the possible outcome

7

at trial when he recanted his prior statement to police during his trial testimony, the judge found that "[n]ot a scintilla of evidence was presented supporting this wholly self-serving and untimely assertion." As such, the judge referred to the claim as a "bald assertion[] without any substance." See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) ("[I]n order to establish a prima facie claim, a [defendant] must do more than make bald assertions that he was denied the effective assistance of counsel." (italicization omitted)).

Second, the judge continued that even if true, "clearly . . . [defendant] was aware of th[e] claim following his conviction in 2006, yet failed to raise this issue on appeal, in his motion for a new trial, or with specificity in either of his two subsequent PCRs." Finally, according to the judge, "[t]he record establishe[d] that there was a mountain of evidence" against defendant, including "[a] blood stain, fingerprint, and palm print found at the crime scene [that] matched defendant's" as well as defendant's incriminating statement to police.

As a result, the judge concluded that even if counsel's performance was "deemed deficient," defendant failed to establish prejudice. See State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) ("To establish an [IAC] claim, a defendant must demonstrate: (1) 'counsel's performance was deficient';

and (2) 'the deficient performance prejudiced the defense.'" (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984))); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-pronged analysis in New Jersey). The judge therefore denied defendant's PCR petition without an evidentiary hearing and this appeal followed.

On appeal, defendant raises the following points for our consideration:

> POINT I
>
> BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE FROM TRIAL AND PCR COUNSEL, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR RELIEF.
>
> > A.   Legal Standards Governing Applications For Post-Conviction Relief.
> >
> > B.   An Evidentiary Hearing Was Required To Determine This Matter.
>
> POINT II
>
> DEFENDANT'S PETITION FOR [PCR] SHOULD NOT BE BARRED BY PROCEDURAL CONSIDERATIONS.

Our review is guided by well settled legal principles. Under Rule 3:22-4(b), "[a] second or subsequent petition for [PCR] shall be dismissed" unless:

> (1) it is timely under R[ule] 3:22-12(a)(2); and

(2) it alleges on its face either:

> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

> (C) that the petition alleges a prima facie case of [IAC] that represented the defendant on the first or subsequent application for [PCR].

> [R. 3:22-4(b).]

Under Rule 3:22-12(a)(2), a second or subsequent PCR petition is timely only if it is filed within one year of "the date on which the [new] constitutional right asserted was initially recognized"; "the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence"; or "the date of the denial of the first or subsequent application for [PCR] where [IAC] that

10

represented the defendant on the first or subsequent application for [PCR] is being alleged."

"[E]nlargement of Rule 3:22-12's time limits 'is absolutely prohibited.'" State v. Jackson, 454 N.J. Super. 284, 292 (App. Div. 2018) (quoting Aujero v. Cirelli, 110 N.J. 566, 577 (1988)); see R. 3:22-12(b) ("These time limitations shall not be relaxed, except as provided herein."); see also R. 1:3-4(c) ("Neither the parties nor the court may . . . enlarge the time specified by . . . R[ule] 3:22-12 . . . ."). In addition, "[a] petitioner is generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal, R. 3:22-4(a), or that has been previously litigated, R. 3:22-5." State v. Nash, 212 N.J. 518, 546 (2013) (footnote omitted).

We review de novo the trial court's legal conclusion that defendant's third PCR petition is procedurally barred. See State v. Harris, 181 N.J. 391, 419 (2004) ("Assessing IAC claims involves matters of fact, but the ultimate determination is one of law and . . . '[a] trial court's interpretation[] of the law and the legal consequences that flow from established facts are not entitled to any special deference.'" (first alteration in original) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995))).

Our review of the record readily reveals that defendant's third petition is procedurally barred under Rule 3:22-12(a)(2). The petition was filed on June 30, 2021, well over a year after the Supreme Court denied certification in defendant's second PCR petition on October 7, 2019. Walker, 239 N.J. 511. Further, in his latest PCR petition, defendant vaguely asserts that he "recently discovered" that his attorney "was not even aware of the co-defendant's plea allocution" and that his attorney "never even reviewed the plea transcript . . . and realized that there was a partial exculpation." However, as the PCR judge astutely pointed out, defendant failed to adequately explain exactly how and when he discovered this new information to justify the late filing. Without greater specificity, defendant's petition fails.

In addition, given the procedural history of the case and the fact that identical issues were previously raised and addressed in defendant's motion for a new trial, his appeal from the denial of his new trial motion, his first two PCR petitions, and his appeals from the PCR denials, we are convinced the factual predicate could have been discovered earlier through the exercise of reasonable diligence. Moreover, given the extensive litigation history, the newly-minted IAC claim regarding incorrect advice about the possible outcome at trial could

have been raised before. Defendant's arguments are therefore precluded by Rules 3:22-4 and 3:22-5, as well as Rule 3:22-12(a)(2).

To the extent we have not addressed any specific argument, it is because it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0511-23